**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-51720-MBM |
| NOBLE INTERNATIONAL, LTD., <u>et al.</u>,[1] | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Marci B. McIvor |

**ORDER AUTHORIZING THE SALE OF ASSETS ASSOCIATED
WITH THE DEBTORS' LASER WELDING EQUIPMENT AND MACHINERY CLEAR
OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Upon consideration of the motion of the Debtors, by and through their undersigned counsel, *For An Order Authorizing the Sale of Assets Associated with the Debtors' Laser Welding Equipment and Machinery Free and Clear of Liens, Claims, Interests and Encumbrances;* (the "Motion"). pursuant to sections 105(a), and 363 the Bankruptcy Code, rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 6004-1 of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Eastern District of Michigan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C §§ 157 and 1334; and hearing to consider the Motion and the transaction contemplated therein (the "Hearing") having been conducted; and due and proper notice of the Motion and the Hearing having been provided to all parties entitled thereto; and the Court having determined that the relief sought in the Motion represents the

---

[1] The Debtors in the cases include: Noble International, Ltd. ("Noble"); Noble Advanced Technologies, Inc., Case No. 09-51730; Noble Land Holdings, Inc., Case No. 09-51732; Noble Manufacturing Group, Inc., Case No. 09-51734; Noble Metal Processing – Kentucky, G.P., Case No. 09-51735; Noble Metal Processing, Inc., Case No. 09-51737; Noble Metal Processing – Indiana, Inc., Case No. 09-51738; Noble Metal Processing – New York, Inc., Case No. 09-51741; Noble Metal Processing – Ohio, LLC, Case No. 09-51742; Noble Metal Processing – West Michigan, Inc., Case No. 09-51744; Noble Swiss Holdings, LLC, Case No. 09-51745; Noble TSA, LLC, Case No. 09-51746; Noble Tube Technologies, LLC, Case No. 09-51748; Prototech Laser Welding, Inc. (d/b/a LWI Laser Welding International), Case No. 09-51751; and Tailor Steel America, LLC, Case No. 09-51752.

sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estate, and all parties-in-interest; and upon the Motion and all of the proceedings had before the Court; and good and sufficient cause appearing therefore;

IT IS HEREBY FOUND AND DETERMINED:

**General**

A.  The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. §157(b)(2)(A), (N) and (O).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief sough in the Motion are section 105(a), 363(b), (f) and (m) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

C.  Notwithstanding bankruptcy Rules 6004(h), the Court finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

D.  The Debtors have satisfied the disclosure requirements for the sale motions as set forth in Local Bankruptcy Rule 6004-1.

E.  As evidenced by the certificate(s) of service filed with the Court and based on the representations of counsel at the hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, and the Hearing has been provided in accordance with sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a), and 6004 and; (ii) such notice as good and sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the transactions contemplated therein or the Hearing is required.

F.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not

limited to (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to the Creditors' Committee appointed in the Debtors bankruptcy cases; (iv) all known persons holding any lien, claim, encumbrance or other interest in, to or against any of the Assets; (v) all applicable federal, state and local taxing authorities; (vi) all applicable federal, state and local governmental bodies; and (vii) all entities who have filed a notice of appearance and request for service of papers in the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 2002. The Unsecured Creditors' Committee has approved the terms of this Order.

### The Bankruptcy Case

G. On April 15, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

H. The Assets are property of the Debtors' estates and title thereto is vested n the Debtor's estates.

### The Sale of the Assets to Buyer

I. A description of the Assets for which the Debtors have received offers are contained as **Exhibit B** to the Motion. Additionally, there is certain other laser welding equipment and machinery for which no written offer has been received, but which will be sold.

J. The sale of the Assets shall be free and clear of all liens, claims, interests, and other encumbrances within the meaning of section 363(f) of the Bankruptcy Code (collectively, "Liens"); provided, however, that all Liens (in the same priority as exist pre-closing) will attach to the proceeds of the sale.

K. The transactions contemplated by the Motion will, upon consummation thereof (the "Closing"), (i) be a legal, valid, and effective transfer of the Assets to a buyer with no further action required on the part of the Debtors or their respective affiliates and (ii) vest the buyers with good title to the Purchase Assets free and clear of all liens within the meaning of 363(f) of the Bankruptcy Code.

L. The potential buyers will not purchase the Assets (thus adversely affecting the bankruptcy estates and their creditors) if the sale of the Assets were not free and clear of all Liens.

M. The relief sought in the Motion is in the best interest of the Debtors, their estate, and all parties-in-interest.

N. The Debtors have demonstrated (i) good, sufficient, and sound business purpose and justification for the relief sought in the Motion, including the necessity for conducting a sale of the Assets without a formal auction process and (ii) compelling circumstances for the sale pursuant to section 363(b) of the Bankruptcy Code.

O. The relief sought by the Motion is not sought for the purpose of hindering, delaying, or defrauding the Debtors' creditors.

P. The relief sought in the Motion is in the best interests of the Debtors, their bankruptcy estates, creditors, and all parties in interest.

Q. Upon entry of this Order, the Debtors have all the corporate or organizational power and authority necessary to consummate the transactions contemplated by the Motion.

R. Except as otherwise provided in this Order, no consents or approvals, other than this Order are required for the Debtors to consummate the transactions contemplated by the Motion.

S. The Debtors have demonstrated good, sound, and sufficient business purpose and justification, and it is reasonable exercise of their business judgment to sell the Assets, and the sale is in the best interests of the Debtors, their estates and their creditors.

T. The provisions of section 363 of the Bankruptcy Code have been complied with and are applicable to the sale of the Assets.

U. The Debtors may consummate the transactions and transfer the Assets free and clear of all Liens of any kind or nature whatsoever, because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All parties with Liens of any kind or nature whatsoever in or on the Assets, except as expressly permitted by the Agreement, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the transactions, are deemed to have consented pursuant to sections 363(f)(2) of the Bankruptcy Code. All parties with Liens of any kind or nature whatsoever in the Assets, who did object to the Motion and the relief requested therein fall within one or more of the other subsections of 363(f) of the Bankruptcy Code and are adequately protected by having their Liens attach to the net proceeds of the transactions with the same validity, enforceability, priority, force and effect that they now have as against Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties in interest with respect to such Liens.

V. Consummation of the transactions will not subject any potential buyer to any debts, liabilities, obligations, commitments, responsibilities, or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtors, any affiliate of the Debtors, or any other person by reason of such transfers and assignments, including, without limitation, based on any theory of antitrust or successor or transferee liability.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

**General Provisions**

1. The findings of fact entered above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To that extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

2. The Motion is granted in all respects, subject to the terms of this Order. To the extent of an inconsistency between the terms of this Order and the terms of the Motion, the terms of this Order shall control.

3. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled. Those parties who did not object, or who withdrew their objections to the Motion, are deemed to have consented to section 363(f)(2) of the Bankruptcy Code.

**Approval of the Transfer of Assets**

4. The approval of the sale of the Assets by the Debtors is hereby approved pursuant to sections 105(a), 363(b) and (f) of the Bankruptcy Code, subject to the following procedure:

   a. The Debtors shall provide Committee counsel with the documentation applicable to any proposed asset sale (such as an offer, letter of intent or other writing), together with evidence of consent to the sale by the customers ("Customers") of the Debtors. The Debtors shall also provide Committee counsel with the appraised value of the assets proposed to be sold, to the extent an appraisal has been made of such assets or a portion thereof.

b. The Committee shall have no right to challenge any sale that has been approved by the Customers and which provides for a sale equal to or greater than orderly liquidation value ("OLV") of such assets, per the appraisal. .

c. If any sale has not been approved by the Customers or is for a value less than OLV (or if no OLV is available), then the Committee shall have the right to file a pleading with the Court challenging the sale, but only after the Committee has attempted to resolve its objection with the Debtors on a good faith basis. The Debtors and the Committee agree that any such objection should be heard on an expedited basis.

d. The Committee reserves it rights with respect to any pleadings filed relating to the proposed auction process for those assets not subject to the proposed private sales.

5. The Debtors are authorized and directed, pursuant to sections 105(a), and 363(b) of the Bankruptcy Code, to execute such documents and take such actions as are necessary to effectuate the transition contemplated by the Motion.

6. The sale of the Assets, pursuant to this Order, will vest a buyer with good title to the Assets and will be a legal, valued and effective transfer of the Assets free and clear of all Liens.

7. Pursuant to sections 105(a), and 363(f) Bankruptcy Code, the Assets shall be sold, transferred or otherwise conveyed to a potential buyer free and clear of all Liens, with all such Liens to attach to the proceeds of the Assets in the order of their priority, and with the same validity, priority, force and effect which they now have against the Assets, subject to the rights, claims, defenses, and objections, if any of the Debtors and all parties in interest with respect to such Liens.

8. All persons or entities holding Liens in, to or against the Assets shall be, and there hereby are, forever barred from asserting such Liens against a buyer, its successors and assigns of the Assets after the sale and closing of the sale of the Assets.

9. To the fullest extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, the sale transaction contemplated by the Motion is exempt from state and local transfer taxes.

10. No person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transaction contemplated by the Motion.

## Miscellaneous Provisions

11. The Sale of the Assets qualifies as "good faith" within the meaning of section 363(m) of the Bankruptcy Code, and any potential buyer is a "good faith" buyer for the purposes of such section.

12. All persons or entities holding Liens in, to or against the Assets shall be, and they hereby are, forever barred from asserting such Liens against Buyer, it successors and assigns or the Assets after the sale and closing of the Assets.

13. If any person or entity that has filed financing statement, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Liens or claims against or in the Assets shall not have delivered to the Debtors prior to the sale of the Assets and closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all interests or claims that the person or entity has with respect to the Assets, then (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets and (b) any potential buyer is hereby authorized to file, register or otherwise

record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens or claims in the Assets of any kind or nature.

14. In absence of a stay of the effectiveness of this Order, in the event that any potential buyer and the Debtors consummate the transactions contemplated by the Motion at any time after entry of this Order, then with respect to the transactions approved and authorized herein, any potential buyer, as buyer in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to all of the protections of sections 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

15. Any conflict between the terms and provisions of this Order and an agreement for the sale of the Assets shall be resolved in favor of this Order.

16. The provision of Bankruptcy Rules 6004(h) is hereby waived. This order shall not be stayed for 10 days after its entry but shall be and hereby is effective immediately upon entry, and the Debtors and the Buyer are authorized to close a sale upon entry of this Order. Time is of the essence in closing the sale transactions contemplated in the Motion and the parties to any such transaction shall be authorized to close the sale as soon as possible.

.

**Signed on June 30, 2009**

                                        **___ __/s/ Marci B. McIvor_  ___**

                                        **Marci B. McIvor**

                                        **United States Bankruptcy Judge**