THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NOBLE INTERNATIONAL, LTD., <u>et al.</u>, | ) ) ) | Case No. 09-51720-mbm |
| Debtors. | ) ) | (Jointly Administered) |
| _____ | / | |

## ORDER AUTHORIZING USE OF CASH COLLATERAL

This matter having come on to be considered upon the *Emergency Motion of the Debtors Authorizing the Use of Cash Collateral* (the "<u>Motion</u>") filed by Noble International, Ltd. ("<u>NIL</u>") and certain of its direct and indirect subsidiaries in these jointly administered proceedings (together with NIL, the "<u>Debtors</u>"[1]), the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein and any objections and any evidence offered; and the Court being fully advised in the premises;

THE COURT FINDS THAT:

1. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157.

---

[1] The Debtors in the cases include: Noble International, Ltd., Case No. 09-51720; Noble Advanced Technologies, Inc., Case No. 09-51730; Noble Land Holdings, Inc., Case No. 09-51732; Noble Manufacturing Group, Inc., Case No. 09-51734; Noble Metal Processing – Kentucky, G.P., Case No. 09-51735; Noble Metal Processing, Inc., Case No. 09-51737; Noble Metal Processing – Indiana, Inc., Case No. 09-51738; Noble Metal Processing – New York, Inc., Case No. 09-51741; Noble Metal Processing – Ohio, LLC, Case No. 09-51742; Noble Metal Processing – West Michigan, Inc., Case No. 09-51744; Noble Swiss Holdings, LLC, Case No. 09-51745; Noble TSA, LLC, Case No. 09-51746; Noble Tube Technologies, LLC, Case No. 09-51748; Prototech Laser Welding, Inc. (d/b/a LWI Laser Welding International), Case No. 09-51751; and Tailor Steel America, LLC, Case No. 09-51752.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 361, 362, 363, 364, 507, and 552 and Federal Rule of Bankruptcy Procedure 4001.

3. The Debtors and the Customers have engaged in negotiations to establish a budget, which was filed with this Court (the "Budget") for the Debtors to use cash collateral to fund their expenses for the period from November 1, 2009 through November 30, 2009.

4. The Debtors are in the final stages of liquidating their assets. The Debtors need to use cash collateral to continue their efforts to maximize value by completing their asset sales and pursuing their Plan of Liquidation. The Debtors' operations during the budget period are limited to liquidating their assets for the benefit of all creditors. The Debtors urgently require the use of cash collateral in order to sell Noble's remaining assets, and fund general chapter 11 costs, all which are necessary to maximize value for all stakeholders.

5. Absent use of cash collateral, immediate and irreparable harm to the Debtors' creditors and the Debtors' estates would occur. The Debtors' ability to use cash collateral is vital to the preservation of value for the Debtors' estates.

6. The Debtors and their estates will receive substantial benefit from the use of cash collateral. The use of cash collateral is necessary to fund the Debtors' liquidation efforts and will contribute to the actual and necessary costs of preserving their estates.

7. The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors.

BASED ON THE FOREGOING FINDINGS, no further notice being required and the Court being otherwise duly advised in the premises,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

2. Any objections to the Motion are overruled.

3. From and after the date of this Order, the Debtors are authorized to use cash collateral (as that term is defined in 11 U.S.C. § 363(a)) for the period of November 1, 2009 through November 30, 2009 (the "Budget Period") according to the following terms:

   a. The Debtors will use cash collateral only in accordance with the Budget and only to fund expenses incurred and paid during the period of November 1, 2009 through and including November 30, 2009.

   b. The Debtors shall continue liquidating their assets in accordance with milestones agreed upon by the Debtors and the Customers.

   c. In the event the Debtors have on hand at any time cash collateral in excess of that needed to fund expenses ("Excess Cash Collateral") in accordance with the Budget and such subsequent wind-down expenses that have previously been agreed upon by the Debtors and the Customers, the Debtors will immediately distribute the Excess Cash in accordance with that certain *Order Authorizing Distribution of Sale Proceeds* (Docket No. 547) entered July 31, 2009.

   d. Except as amended hereby, all terms of the prior Financing Orders[3] remain in full force and effect.

---

[3] Those Financing Orders include without limitation the *Interim Order Authorizing Financing and Providing Adequate Protection* (Docket No. 49) entered April 17, 2009; the *Final Order Regarding Adequate Protection as to Comerica Bank Claim to Certain Bank Account and Second Interim Order Authorizing Postpetition Financing and Use of Cash Collateral* (Docket No. 85) entered April 27, 2009 (the "Second Interim Order"); the *Final Order Authorizing Postpetition Financing and Use of Cash Collateral* (Docket No. 189) entered May 12, 2009 (the "Final Order"); the *Order Authorizing Extension of Postpetition Financing and Scheduling a Final Hearing on Debtors' Request to Increase Amount of Postpetition Financing* (Docket No. 353) entered June 1, 2009; the *Final Order Authorizing Extensions of Postpetition Financing* (Docket No. 435) entered June 16, 2009; the *Order Authorizing an Increase in the Amount of Postpetition Financing* (Docket No. 455) entered June 19, 2009; the *Second Order Authorizing an Increase in the Amount of Postpetition Financing* (Docket No. 490) entered June 30, 2009; and the *Order Authorizing Use of Cash Collateral* (Docket No. 545) entered July 31, 2009.

e. The Customers have consented to an extension of the due date of the Postpetition Loans[4] to November 30, 2009, subject to further written extension from the Customers (which extension shall be at the Customers' sole discretion).

4. The provisions of this Order shall be binding upon and inure to the benefit of the Debtors, Customers, and their respective successors and assigns. This Court retains jurisdiction, even after the closing of these Chapter 11 cases, to interpret, implement and enforce the terms and provisions of this Order.

5. The Debtors are directed to give notice (no later than two (2) business days after the date of this Order) to all creditors and interested parties entitled to receive notice pursuant to Federal Rule of Bankruptcy Procedure 4001 that this Order has been entered. Pending a final hearing, the Debtors may use cash collateral under the terms and conditions stated herein. Any objections to entry of this Order as a final order must be (a) filed with the Court and (b) served upon and received by counsel for Debtors and counsel for each of the Customers no later than 5:00 p.m. on November 19, 2009. If a timely objection is filed and served as provided above, a hearing will be held on November 24, 2009, at 10:30 a.m., at which time the objector(s) will be given any opportunity to show cause why this Order should not be a final order of this Court. If no such timely objection is filed and served or the objection is timely filed and served, but overruled by the Court, this Order will become final without any further action by this Court.

.

**Signed on October 30, 2009**

                                                    **___/s/ Marci B. McIvor___**
                                                  **Marci B. McIvor**
                                                  **United States Bankruptcy Judge**

---

[4] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in the Financing Orders.